IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERRY LEE CRAFT                                                                                            PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:14cv487-FKB

JOHN DOES, Staff of East MS;                                                                        DEFENDANTS
JOHN DOES, MTC Staff of EMCF; OFFICER HORNE;
SERGEANT P. WILLIS; AND JOHN DOES, Kitchen Staff

# MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Craft is proceeding in this matter *in forma pauperis* and *pro se*.

In this action, Plaintiff alleges that Defendants violated his constitutional rights during his confinement at East Mississippi Correctional Facility ("EMCF"). In his complaint, Craft makes claims regarding the general living conditions at EMCF. He alleges that the facility's food made him sick and that Defendant Horne denied him access to medical treatment on March 24, 2014. He also alleges that Defendant Willis verbally abused him, thereby causing him emotional distress.

Pending before the Court is the Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [24] filed by Defendants Horne and Willis, to which Plaintiff

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

has failed to file a written response. In the motion and supporting memorandum, Defendants assert that Craft failed to exhaust his administrative remedies regarding any of his claims.

As stated above, the Court held an omnibus hearing in this matter, at which time the Court received Plaintiff's testimony in response to Defendants' Motion for Summary Judgment. Craft does not allege that he suffered any physical injury or ailment that would have prevented him from completing the Administrative Remedy Program ("ARP"). He testified that he submitted a complaint regarding the food to the ARP, but he later withdrew it. He also admitted that he failed to complete administrative remedies regarding his medical claims against Defendant Horne. Finally, at the omnibus hearing, Craft withdrew his claims based on Defendant Willis's alleged verbal abuse of him.

Statutory and case law requires a prisoner to exhaust administrative remedies, regardless of the relief sought. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 741. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v.*

*Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases.  In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies.  The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.* at 788.

Plaintiff admits that he has not exhausted his administrative remedies as to any of his claims prior to bringing this suit, as is required by the PLRA.  Defendants have provided evidence demonstrating, and Craft admitted at the omnibus hearing, that he withdrew an ARP alleging denial of medical attention against Defendant Horne before he received a first step response. *See* [24-1] at 9.  At the omnibus hearing, Craft also admitted that he withdrew his ARP complaint regarding the quality of food.  Furthermore, it is evident that Craft was familiar with the ARP process because he pursued ARP complaints based on the quality of food and unrelated medical claims *after* he filed this action on June 23, 2014.  *Id.* at 2.  Craft does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Department of Corrections*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days*

*v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness).

Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth,* 532 U.S. at 739.

Accordingly, for these reasons, the Court hereby grants Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies and dismisses this case without prejudice. This dismissal will count as a "strike" pursuant to 28 U.S.C. § 1915(g). A separate judgment will be entered. Fed. R. Civ. P. 58.

SO ORDERED, this the 11th day of August, 2015.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE